UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVEN KENNETH ADAMS,

                    Petitioner,                Case No. 2:12-cv-112

v.                                      Honorable Robert Holmes Bell

CATHERINE BAUMAN,

                    Respondent.

_____/

## REPORT AND RECOMMENDATION

        Petitioner Steven Kenneth Adams filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking the immediate recalculation of Petitioner's parole eligibility date and discharge date, restoration of his previously forfeited disciplinary credits, and an order requiring Petitioner to be immediately considered for parole and/or release.

        Promptly after the filing of a petition for habeas corpus, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970) (district court has the duty to "screen out" petitions that lack merit on their face).  After undertaking the review required by Rule 4, the undersigned recommends that Petitioner's application for habeas corpus relief be dismissed with prejudice.

In the application for habeas corpus relief, Petitioner asserts that the forfeiture of and refusal to restore disciplinary credits, as well as the refusal to award special disciplinary credits, adversely affects the length of his sentence and constitutes a violation of his rights under federal law. Petitioner is currently serving sentences for crimes committed in 1988 and 1989. (*See* MDOC Offender Tracking Information System, http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdoc Number=197621.) Petitioner does not allege that he suffered any loss of good-time credits, nor could he. The Sixth Circuit has examined Michigan statutory law, as it relates to the creation and forfeiture of disciplinary credits[1] for prisoners convicted for crimes occurring after April 1, 1987. In *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), the court determined that loss of disciplinary credits does not necessarily affect the duration of a prisoner's sentence. Rather, it merely affects parole eligibility, which remains discretionary with the parole board. 481 F.3d at 440. Building on this ruling, in *Nali v. Ekman*, 355 F. App'x 909 (6th Cir. 2009), the court held that a misconduct citation in the Michigan prison system does not affect a prisoner's constitutionally protected liberty interests, because it does not necessarily affect the length of confinement. 355 F. App'x at 912; *accord, Wilson v. Rapelje*, No. 09-13030, 2010 WL 5491196, at * 4 (E.D. Mich. Nov. 24, 2010) (Report & Recommendation) ("plaintiff's disciplinary hearing and major misconduct sanction does not implicate the Fourteenth Amendment Due Process Clause"), adopted as judgment of court, Order of Jan. 4, 2011. In the absence of a demonstrated liberty interest, Petitioner has no due-process claim. *See Bell v. Anderson*, 301 F. App'x 459, 461-62 (6th Cir. 2008). Accordingly, Petitioner's claim for habeas corpus relief is properly dismissed.

---

[1] For crimes committed after April 1, 1987, Michigan prisoners earn "disciplinary credits" under a statute that abolished the former good-time system. MICH. COMP. LAWS § 800.33(5).

In summary, the undersigned concludes that Petitioner's claims are non-meritorious and therefore recommends that this court dismiss the petition with prejudice.  For these reasons, it is further recommended that Petitioner's motion for summary judgment (Docket #6) be denied.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by Petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, if the court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the

- 3 -

Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001).  Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.  Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims.  *Id.*

The undersigned finds that reasonable jurists could not find that the court's dismissal of each of Petitioner's claims was debatable or wrong.  As noted above, Petitioner does not have a liberty interest which is implicated by the loss of disciplinary credits.  Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   May 15, 2012